45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Edward C. TRAGLER, Plaintiff-Appellant,
v.
RONDY INCORPORATED, dba Rondy & Co., Inc., and Donald R.
Rondy, Defendants-Appellees.
 No. 93-4358.
 United States Court of Appeals, Sixth Circuit.
 Dec. 20, 1994.
 
 Before: MILBURN, and SUHRHEINRICH, Circuit Judges; and JOINER,* District Judge.
 MILBURN, Circuit Judge.
 
 
 1
 Plaintiff Edward C. Tragler appeals the district court's grant of defendant's motion for summary judgment on his claim of age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. Secs. 621-634. On appeal, plaintiff states the issue for our determination as follows: did the district court err in granting summary judgment for the employer where the employee produced evidence sufficient to create a genuine issue as to whether the employer's reason for discharging the employee was pretextual? For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 On January 15, 1989, Rondy Incorporated dba Rondy & Company, Inc., through its president, Donald Rondy (collectively "Rondy" or "defendant"), hired plaintiff Edward C. Tragler to serve as sales administrator for the company, at an annual salary of approximately $32,000. Plaintiff was 43 years of age at the time he began working for Rondy. When he was hired, plaintiff was told he would not be a "salesman" but would be an inside coordinator for the company. J.A. 175. His duties included coordinating the company's sales and manufacturing departments, handling credit checks and other credit department functions, processing sales orders, maintaining daily inventory records, and expediting and supervising shipments to customers.
 
 
 3
 During late 1989 and early 1990, Rondy experienced a decrease in sales. At some time during 1990, plaintiff's immediate supervisor, Barbara McLaren, asked plaintiff to make "cold calls" to prospective customers. Initially, plaintiff objected to the request, claiming that he had no time to undertake such efforts. Eventually, however, he agreed to try to place some calls, and he did, in fact, make some calls. At a sales meeting conducted by the company president, Donald Rondy, in 1989 or 1990, Rondy discussed the decline in sales volume and told plaintiff: "You are a salesman now." Plaintiff responded that he was not a salesman. Plaintiff felt that sales methods such as cold calling were not part of his job description. However, at sales meetings held in late 1989 and early 1990, company officials informed employees that sales were down and explained that all employees were expected to make special efforts to increase sales. Not only plaintiff but also other Rondy employees were asked to perform tasks for which they had not been responsible prior to the downturn in the company's performance. Nonetheless, despite plaintiff's unwillingness to assume such additional responsibilities, defendant awarded him a performance bonus of approximately $1500 in May 1990.
 
 
 4
 In late 1989, plaintiff fell behind in completing his paperwork and remained unable to keep such work current. At plaintiff's suggestion, defendant hired Cindy Moser, age 34, to assist plaintiff with his business duties. According to plaintiff, Moser was hired to perform most of his duties, thus freeing him to work on other projects, including phone calls to clients and company profiles. Moser was hired on July 11, 1990. There is no evidence in the record indicating that any Rondy official made derogatory comments about plaintiff's age at this time or about the fact that Moser was 11 years plaintiff's junior.
 
 
 5
 Plaintiff was laid off by defendant on July 27, 1990. He was 45 years of age at the time. During the meeting at which plaintiff was informed of his layoff, defendant Donald Rondy stated that the company's economic situation necessitated the action and assured plaintiff that dissatisfaction with his job performance was not a factor in the layoff. After plaintiff's departure, his duties were spread among several Rondy employees, including Moser, McLaren, the company receptionist, and various salespeople. No other salaried employees were laid off because of the company's slow sales. Less than six months after plaintiff's layoff, in October 1990, Moser was discharged due to poor performance and was replaced by a younger employee, Robyn Foutty.
 
 B.
 
 6
 On March 25, 1991, plaintiff Edward C. Tragler filed an action in the district court alleging violations of state age discrimination laws, Ohio Rev.Code Ann. Secs. 4112.02(A) and (N); violation of the ADEA, 29 U.S.C. Secs. 621-634; interference with plaintiff's attainment of rights as a participant in Rondy's group health insurance plan, in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Sec. 1001 et seq.; and discrimination on the basis of plaintiff's handicap, in violation of Ohio Rev.Code Ann. Sec. 4112.02(A) and Sec. 4112-5-02(H). Plaintiff subsequently dismissed his ERISA claim as well as his claim of discrimination on the basis of handicap, choosing to pursue only the claims for age discrimination in violation of state and federal law.
 
 
 7
 On January 23, 1992, defendant filed a motion for summary judgment on the age discrimination claims. For purposes of the motion, defendant assumed that plaintiff could establish a prima facie case of age discrimination under federal law. Defendant argued, however, that the reason for plaintiff's termination was a legitimate one. Plaintiff admitted that defendant had experienced a decrease in sales but claimed that the decline was not the proximate cause of his discharge. The district court granted defendant's motion for summary judgment on both claims on November 16, 1993. We note that summary judgment was granted on plaintiff's state age claim based on Ohio's statute of limitations, Ohio Rev.Code Ann. Sec. 4112.02N. This timely appeal followed.
 
 II.
 A.
 
 8
 On appeal, plaintiff has not pursued his state claim. However, plaintiff argues that the district court improperly granted defendant's motion for summary judgment on his ADEA claim after he had produced sufficient evidence to create a genuine issue of fact as to whether defendant's asserted rationale for his layoff, a downturn in sales, was merely a pretext. Plaintiff asserts that the district court erred by requiring him to "show by a preponderance of the evidence either that the real reason for his lay-off was discrimination against him on the basis of his age or that among the other reasons advanced for his lay-off, he would not have been laid off but for the discrimination against him based on his age." J.A. 139-40.
 
 
 9
 We review a district court's grant of summary judgment de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Under Federal Rules of Civil Procedure 56(c), summary judgment is proper if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988); LaPointe v. United Autoworkers, Local 600, 8 F.3d 376, 378 (6th Cir.1993). In considering a motion for summary judgment, "[t]he court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Kunz v. United Food & Commercial Workers, Local 876, 5 F.3d 1006, 1009 (6th Cir.1993) (quoting Massey v. Exxon Corp., 942 F.2d 340, 342 (6th Cir.1991)). See also Stein v. National City Bank, 942 F.2d 1062, 1064 (6th Cir.1991) (finding that the proper inquiry in a motion for summary judgment is whether there are any factual issues that can be resolved only by a finder of fact because the evidence is susceptible to interpretation in favor of either party). However, issues of fact must pertain to material facts in order to prevent summary judgment. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Boyd v. Ford Motor Co., 948 F.2d 283, 285 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 10
 The evidence, all facts and any inferences that may permissibly be drawn from the facts, must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, 369 U.S. 654, 655 (1962) (per curiam)). The nonmovant must present "significant probative evidence" in support of his pleading. Conclusory assertions are not sufficient to allow a nonmovant to withstand a motion for summary judgment. Moore v. Philip Morris Cos., 8 F.3d 335, 343 (6th Cir.1993). "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.' " Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). In Anderson, the Court explained that
 
 
 11
 [i]f the defendant ... moves for summary judgment ... based on the lack of proof of a material fact, the judge must ask himself ... whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict--"whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."
 
 
 12
 Anderson, 477 U.S. at 252 (quoting Schuylkill & Dauphin Improvement Co. v. Munson, 14 Wall. 442, 448 (1872) (emphasis in original)). If the evidence is "merely colorable, or is not significantly probative," summary judgment may be proper. Anderson, 477 U.S. at 249-50 (citations omitted).
 
 
 13
 Although we recognize that the questions involved in a discrimination action are "sensitive and difficult," we heed the Supreme Court's admonition that "none of this means that ... reviewing courts should treat discrimination differently from other ultimate questions of fact." United States Postal Serv. Bd. v. Aikens, 460 U.S. 711, 716 (1983). The courts have long recognized that the utility of summary judgment as a method of resolving employment discrimination claims involving questions of intent and motivation is limited. See Thornbrough v. Columbus and Greenville R.R., 760 F.2d 633, 640-41 (5th Cir.1985). However, the fact that particular caution must be exercised when considering summary judgment in an employment discrimination case does not overwhelm its utility. Despite the subject matter of the case, "summary judgment allows patently meritless cases to be nipped in the bud, before valuable judicial resources are expended. Where there is only an 'attenuated possibility that a jury would infer a discriminatory motive,' proceeding with a case serves no useful function." Thornbrough, 760 F.2d at 645 n. 19 (citations omitted). See Ackerman v. Diamond Shamrock Corp., 670 F.2d 66, 69 (6th Cir.1982).
 
 B.
 
 14
 Plaintiff argues that the termination of his employment with defendant constitutes a violation of the ADEA, which provides that it is unlawful for any employer
 
 
 15
 to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.
 
 
 16
 29 U.S.C. Sec. 623(l). In order to establish a prima facie case of age discrimination, the plaintiff must show that (1) he was a member of a protected class, (2) he was qualified for the position, (3) he was discharged, and (4) he was replaced by a younger person. See, e.g., Wilkins v. Eaton Corp., 790 F.2d 515, 520 (6th Cir.1986); Ackerman, 670 F.2d at 69; see also St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2746-47 (1993) (using the same factors to describe the plaintiff's burden in a racial discrimination action under Title VII).[1] Once the plaintiff has produced evidence of these factors, the burden shifts to the defendant, who must demonstrate a legitimate, non-discriminatory reason for his action. St. Mary's, 113 S.Ct. at 2747; Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325, 1329 (6th Cir.1994). If the defendant satisfies this burden of production, the presumption of discrimination that arises upon proof of a prima facie case disappears, Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1082 (6th Cir.1994) (citing Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981)), and the burden shifts to the plaintiff to produce enough evidence that a jury may reasonably reject the defendant's (employer's) explanations and find them merely a pretext for discrimination on the basis of age. Manzer, 29 F.3d at 1083; Kraus v. Sobel Corrugated Containers, Inc., 915 F.2d 227, 230 (6th Cir.1990). Although the burden of production shifts between the parties, the burden of persuasion remains on the plaintiff, who faces the ultimate burden of proving that the defendant intentionally discriminated against him. Burdine, 450 U.S. at 253, 256. See also St. Mary's, 113 S.Ct. at 2747 (reiterating that the burden of persuasion remains with plaintiff at all times).
 
 
 17
 For purposes of its motion for summary judgment, defendant conceded that plaintiff could establish a prima facie case of age discrimination under the ADEA. The district court concluded, however, that defendant met its burden of producing a legitimate, non-discriminatory reason for plaintiff's layoff, namely, that plaintiff was laid off for his unwillingness to accept new responsibilities at a time when the company was experiencing a decline in sales and was asking all of its employees to expand their efforts. Plaintiff does not appeal the district court's finding on this issue. Thus, we focus on whether plaintiff produced sufficient evidence to create a genuine issue of material fact as to whether defendant's proffered explanation for his layoff was merely a pretext for discrimination against him on the basis of his age.
 
 
 18
 Plaintiff may meet his burden of demonstrating pretext by showing (1) that the reason defendant gave for his layoff had no basis in fact, (2) that the stated reason was not the actual reason, or (3) that the stated reason was insufficient to explain the discharge. Cooley, 25 F.3d at 1329-30; Wheeler v. McKinley Enters., 937 F.2d 1158, 1162 (6th Cir.1991). Plaintiff has admitted that he knew the company was experiencing a downturn in sales, J.A. 72, and he does not claim that the reason defendant gave for his layoff has no factual basis. Nor does plaintiff claim that the reason asserted by defendant is insufficient cause on which to base his layoff. Instead, plaintiff claims that the downturn in business was not the real reason for the termination of his employment with defendant.
 
 
 19
 In Kraus, we held that a plaintiff may meet his burden of rebutting the defendant's stated reason for his discharge " 'by showing that the employer's articulated explanation is unworthy of credence.' " Kraus, 915 F.2d at 231 (quoting Burdine, 450 U.S. at 256). In that case, we found that the plaintiff had met her burden because she presented evidence that would permit a jury to decide that age was a determining factor in her employer's hiring decision. Kraus, 915 F.2d at 231. Here, however, plaintiff has produced no such evidence. He relies primarily on the fact that a younger person was hired to take his place, which, according to plaintiff, demonstrates discrimination against him on the basis of age. His argument, however, ignores the fact that his "replacement" was hired at his suggestion. J.A. 62-63. Moreover, merely replacing an employee in the protected class with a younger person does not, by itself, "permit an inference that the replacement was motivated by age discrimination." La Montagne v. American Convenience Prods., Inc., 750 F.2d 1405, 1413 (7th Cir.1984). The only evidence in the record concerning defendant's motivation, apart from plaintiff's bald assertions of discrimination, suggests that defendant's action against plaintiff was compelled by the need to increase the productivity of company employees, or business necessity. Defendant testified that plaintiff was laid off because he refused to assist in solicitation of local business, J.A. 171, and because he did not keep pace in performing his ordinary business duties, J.A. 164. In addition, the evidence shows that plaintiff's business duties were not, in fact, handled entirely by his younger "replacement," but were spread among several company employees. J.A. 165-67. See Lilley v. BTM Corp., 958 F.2d 746, 752 (6th Cir.) ("Spreading the former duties of a terminated employee among the remaining employees does not constitute replacement."), cert. denied, 113 S.Ct. 376 (1992). "Often business decisions may force the company to eliminate jobs held by members in a protected category. When those situations arise, a plaintiff alleging that he was laid off for discriminatory reasons necessarily has a more difficult time proving his case." Chappell v. GTE Prods. Corp., 803 F.2d 261, 267-68 (6th Cir.1986), cert. denied, 480 U.S. 919 (1987).
 
 
 20
 Plaintiff argues that he has established an issue of material fact by presenting statistics showing that the company hired more people than it terminated in the six months following plaintiff's departure. Plaintiff contends that these statistics buttress his claim that the economic slowdown was not the real reason for defendant's actions. However, plaintiff does not closely examine the classes of employees upon which his statistics reflect. He makes no effort to distinguish between those persons involved in sales and administration, the class to which plaintiff belonged, and those employees concerned with filling orders and operating the facilities. Furthermore, plaintiff focuses on the six months following his departure, but he fails to demonstrate that defendant's business fortunes did not change during that period, which might account for its hiring policies. In the absence of a more specific analysis of these statistics, we cannot see how they raise a genuine issue of material fact as to the rationale behind defendant's actions. In Simpson v. Midland-Ross Corp. we explained that
 
 
 21
 "[t]he mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient.... The plaintiff in such reorganization cases must come forward with additional direct, circumstantial, or statistical evidence that age was a factor in his termination.... [Plaintiff] has not succeeded in this regard.... This is not a case where the plaintiff presented evidence that management favored younger workers, tended to fire older workers, or indicated in some manner that older workers were held in disfavor."
 
 
 22
 Simpson, 823 F.2d 937, 941 (6th Cir.1987) (quoting LaGrant v. Gulf & Western Mfg. Co., 748 F.2d 1087, 1090-91 (6th Cir.1984)). See also Chappell, 803 F.2d at 268 ("Mere personal beliefs, conjecture and speculation are insufficient to support an inference of age discrimination.").
 
 
 23
 According to plaintiff, a genuine issue of material fact exists because defendant offered no evidence to refute plaintiff's contention that a downturn in sales was not the proximate cause of his layoff. Plaintiff, however, misconceives defendant's burden. "Disputation of facts underlying [defendant's] legitimate business reason for [laying off plaintiff] is not sufficient to carry appellant's burden." Irvin v. Airco Carbide, 837 F.2d 724, 726 (6th Cir.1987). The ultimate burden of persuasion remains with the plaintiff. St. Mary's, 113 S.Ct. at 2747.
 
 
 24
 Plaintiff also asserts that a factual issue exists regarding whether his layoff was actually caused by poor performance and was unrelated to economic conditions. Plaintiff bases this argument on the fact that defendant's stated rationale for plaintiff's layoff, his unwillingness to accept additional responsibilities or perform his ordinary duties in a timely fashion, concerns plaintiff's job performance. Plaintiff alleges that this is an issue separate from the economic downturn experienced by the company in 1989 and 1990 and argues that the court should disregard plaintiff's job performance and focus on whether plaintiff has produced sufficient evidence that reasonable minds could conclude that the downturn in sales did not cause plaintiff's layoff. We disagree. We understand defendant to assert that its decline in sales necessitated changes in corporate operations, changes with which plaintiff was unwilling to comply. Defendants do not claim that the quality of plaintiff's performance was the cause of his layoff, merely that plaintiff would not adjust to the new demands placed on him as a result of the company's economic pressures. We believe that plaintiff's refusal to perform is relevant to the issue--whether defendant's declining business was the real cause of plaintiff's layoff.
 
 
 25
 "[M]erely making out a prima facie case does not automatically save [plaintiff] from a summary judgment motion." Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 314 (6th Cir.1989) (citing Menard v. First Sec. Serv. Corp., 848 F.2d 281, 287 (1st Cir.1988)). To meet his burden, plaintiff was required to produce evidence that age was a factor in defendant's decision to lay him off and that "but for" his age, such action would not have been taken. Gagne, 881 F.2d at 314. " 'Unless the plaintiff introduces counter-affidavits and argumentation that demonstrate that there is reason to disbelieve [defendant's] explanation, there is no genuine issue of material fact.' " Gagne, 881 F.2d at 314 (quoting Healy v. New York Life Ins. Co., 860 F.2d 1209, 1216 (3d Cir.1988), cert. denied, 490 U.S. 1098 (1989)). Accord Boddy v. Dean, 821 F.2d 346, 348-49 (6th Cir.1987). Even taking into account plaintiff's showing that a younger person replaced him and his statistics demonstrating that defendant hired more employees than it terminated during the six months following his departure, we cannot conclude that this is more than a mere scintilla of evidence supporting plaintiff's claim. "For a case to be properly submitted to the jury, there must be 'more than a scintilla' of evidence...." Wilkins v. Eaton Corp., 790 F.2d 515, 522 (6th Cir.1986). Because plaintiff has failed to make a sufficient showing on an essential element of his case, with respect to which he bears the burden of proof, the "moving party [defendant] is 'entitled to judgment as a matter of law.' " Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 26
 Plaintiff argues that the district court erred in granting summary judgment because it required plaintiff to show by a preponderance of the evidence that an intent to discriminate against plaintiff because of his age was the real reason for his layoff. Plaintiff is correct in asserting that this is not his burden on summary judgment. Plaintiff was merely required to raise a genuine issue as to the credibility of defendant's stated reason for his layoff. He was required only to produce sufficient evidence to demonstrate to the court that this issue could be resolved only by a finder of fact because the evidence is susceptible to interpretation in favor of either party. See Stein v. National City Bank, 942 F.2d 1062, 1064 (6th Cir.1991); see also Locke v. Commercial Union Ins. Co., 676 F.2d 205, 207-08 (6th Cir.1982) (per curiam) (finding that plaintiff was not required to establish his prima facie case at the summary judgment stage but was required only to raise a factual issue). However, because we review the district court's decision on summary judgment de novo, and because we may affirm on any grounds, even if they differ from the grounds relied upon by the district court, Hilliard v. United States Postal Serv., 814 F.2d 325, 326 (6th Cir.1987), we shall affirm the grant of summary judgment.
 
 III.
 
 27
 For the reasons stated, the district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Although St. Mary's is a Title VII case, the analysis applied in that case has been applied to ADEA cases because of the "common purpose of the statutes and their nearly identical substantive provisions." Elliott v. Group Medical & Surgical Serv., 714 F.2d 556, 565 n. 11 (5th Cir.1983), cert. denied, 467 U.S. 1215 (1984)