**Melvin L. BROWN, Plaintiff,**

v.

**RENTER'S CHOICE, INC., Defendant.**

**No. 5:98–CV–921.**

United States District Court,
N.D. Ohio,
Eastern Division.

July 22, 1999.

John Alan Tucker, Malyuk, Tucker & Gingrich, Akron, OH, for Melvin L. Brown, plaintiff.

Kenneth B. Stark, Barry Yale Freeman, Duvin, Cahn & Hutton, Cleveland, OH, for Renter's Choice, Inc., defendant.

## OPINION AND ORDER

GWIN, District Judge.

On April 20, 1998, Plaintiff Melvin L. Brown filed this age discrimination case against his former employer, Defendant Renter's Choice, Inc. [Doc. 1]. Plaintiff Brown makes claim under the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Brown also makes claim under Ohio's discrimination statute, Ohio Revised Code § 4112.01, *et seq.*, and for wrongful discharge violating public policy.[1]

On January 19, 1999, Defendant Renter's Choice filed a motion for summary judgment against Plaintiff Brown pursuant to Fed.R.Civ.P. 56 [Doc. 25]. Renter's Choice seeks judgment on Brown's claims (Counts I and II), contending that Brown has failed to establish a *prima facie* case of age discrimination. Renter's Choice also says Brown's public policy claim fails with his age discrimination claim because Brown does not show facts of discrimination, or because he has statutory remedies available.

For the reasons that follow, the Court finds that Plaintiff Brown fails to give direct evidence of age discrimination. The Court also finds that Brown fails to give evidence that he was qualified for his posi-

---

1. Plaintiff Brown filed an amended complaint on May 5, 1998 [Doc. 3]. On February 9, 1999, pursuant to Fed.R.Civ.P. 41(a)(1)(ii), the parties agreed to dismiss Counts III and IV of the amended complaint (ERISA related claims) [Docs. 29, 30].

tion or that the defendant's reasons for firing him were pretextual. Without such evidence, Plaintiff Brown's age discrimination and wrongful discharge violating public policy claims therefore fail.

Because Plaintiff Brown fails to show material issues of fact sufficient to survive summary judgment, the Court grants the defendant's motion for summary judgment and dismisses this action.

## I. Background

Defendant Renter's Choice is in the rent-to-own business. The company rents and sells home furnishings and appliances to consumers nationwide. In April 1995, Renter's Choice acquired Crown Leasing, a similar business. In doing so, Renter's Choice continued to employ certain Crown Leasing employees. Plaintiff Melvin Brown, a regional manager with Crown, was one such employee. Renter's Choice continued to employ Brown as a regional manager for northeast Ohio until June 1996.

During Brown's tenure as a regional manager, Mr. John Dixon, a district vice president, supervised him. In June 1996, Dixon demoted Brown to a store manager position. The defendant says it demoted Brown because Dixon was dissatisfied with the region's poor performance under Brown. From June 1996 through January 1997, Brown managed the defendant's Arlington Road store in Akron, Ohio (Store # 359). Although he did not like the demotion, Plaintiff Brown says he accepted the store manager position to preserve his salary and stock option plan.[2]

As store manager for the Akron store, Plaintiff Brown was responsible for meeting sales and delinquent account collection goals. Patrick Gartland supervised

Brown. Gartland had replaced Brown as the new regional manager. At the time, Gartland was 27 years old and Plaintiff Brown was 46 years old. Because the Akron store was in the largest market in the northeast region, Gartland expected Brown to increase performance and profitability in the Akron area.

On January 27, 1997, Gartland fired Plaintiff Brown. Brown was an at-will employee. The defendant says it fired Brown because he did not meet performance expectations. Renter's Choice gives evidence that Brown failed to increase store sales, profit, and account collections. Renter's Choice also says it fired Brown because of customer complaints.

In response, Plaintiff Brown argues the defendant fired him because of his age. Brown argues the defendant's reasons for firing him are pretextual. Brown says that his management of the Akron store did not cause the store's poor performance. Instead, Brown suggests that earlier inherent problems existed (including the store's retail location) that plagued the store's performance and profitability. Brown argues the record evidence shows that genuine issues of fact exist to warrant trial. The Court turns to these issues.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, summary judgment shall be rendered when requested if the evidence presented in the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In assessing the merits of the motion, a court shall draw all justifiable inferences from the evidence presented in the record in the light most favorable to the non-moving party. *Woy-*

---

**2.** Plaintiff Brown participated in the defendant's incentive stock option plan. Under the plan, eligible employees could exercise their option not later than ten (10) years from the date of the option agreement, and only in the amount of the employee's vested interest in the plan. If an employee was terminated for cause, the option automatically canceled upon termination. As of January 27, 1997, the date of his termination, Brown had 5,625 shares in the stock option plan. Although Brown was 25(%) percent vested in the plan, he had not exercised his option. *See* Stock Option Agreement, Appendix B, Exhibit 1 to Plaintiff's Opposition Brief.

*thal v. Tex–Tenn Corp.,* 112 F.3d 243, 245 (6th Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 414, 139 L.Ed.2d 317 (1997). However, an opponent to a motion for summary judgment may not rest upon the mere allegations or denials of his pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Miller v. Lorain County Bd. of Elections,* 141 F.3d 252, 256 (6th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 278, 142 L.Ed.2d 230 (1998).

Accordingly, viewing the evidence in the light most favorable to the nonmoving party, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251, 106 S.Ct. 2505.

Applying these standards, the Court decides the defendant's motion for summary judgment.

### III. Discussion

■ Plaintiff Brown sues Defendant Renter's Choice for age discrimination under both federal and state law. Because a plaintiff claiming age discrimination must show the same elements to make a *prima facie case* of age discrimination claim under state and federal law, the Court considers these claims together. The Court later addresses Brown's violation of public policy claim.

### A. Age Discrimination

Under the ADEA, it is unlawful for an employer to discharge any individual 40 years of age and older or "otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age...." 29 U.S.C. § 623(a). In this case, Plaintiff Brown brings a disparate treatment claim—that is, Brown alleges that Defendant Renter's Choice treated him differently than other employees because of his age. Brown also claims that Renter's Choice falsely characterized his termination as "with cause" to deny Brown certain vested stock option benefits. In making these claims, Brown challenges the defendant's proffered reasons for firing him.

■ In disparate treatment cases, the Sixth Circuit has adopted a modified *McDonnell Douglas* test. See *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a *prima facie case* of age discrimination under the ADEA, a plaintiff must give evidence that (1) he or she is member of the protected class; (2) that he or she was subject to an adverse employment action; (3) that he or she was otherwise qualified for the particular position at issue; and (4) that a person substantially younger than the plaintiff either replaced or was chosen instead of the plaintiff. See *Bush v. Dictaphone Corp.,* 161 F.3d 363, 368 (6th Cir.1998); *Barnett v. Department of Veterans Affairs,* 153 F.3d 338, 341 (6th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 875, 142 L.Ed.2d 775 (1999).[3]

■■ Once a plaintiff establishes a *prima facie case* of discrimination, the burden of production shifts to the defendant to present a legitimate nondiscriminatory reason for the adverse employment action taken. See *Manzer v. Diamond Shamrock Chemicals Co.,* 29 F.3d 1078, 1082 (6th Cir.1994). If the defendant offers a legitimate nondiscriminatory reason for its

---

**3.** Further, if the plaintiff establishes a *prima facie case,* the plaintiff must also show that age "was a *determining factor* in the company's" adverse decision. See *Stein v. National*

*City Bank,* 942 F.2d 1062, 1064 (6th Cir.1991) (citation omitted); *McDonald v. Union Camp Corp.,* 898 F.2d 1155 (6th Cir.1990) (emphasis added).

action, the burden of production returns to the plaintiff to show the defendant's reasons are pretextual.[4] A plaintiff shows pretext by producing "sufficient evidence from which the jury may reasonably reject the employer's explanation." *Id.* at 1083.[5]

In this case, the parties do not dispute that Plaintiff Brown satisfies the first, second and fourth elements for a *prima facie case.* First, Brown is a member of the protected class. He was 42 years old when the defendant fired him. Second, Brown was subject to adverse employment action. He was fired from his job. Third, the defendant replaced Brown with a substantially younger employee. When the defendant demoted Brown to store manager, Pat Gartland (age 27) replaced Brown as regional manager. Also, after Renter's Choice fired Brown as the Akron store manager, James Gamble (age 27) replaced Brown as store manager.

However, the parties do dispute the third factor for a *prima facie case —* whether Plaintiff Brown was "qualified for the position." Defendant Renter's Choice argues Brown fails to establish a *prima facie case* because he cannot show that he was qualified for the Akron store manager position at the time Renter's Choice fired him.

■ To make a *prima facie* case of age discrimination, Plaintiff Brown must show that he was qualified for his position. The test of whether an employee is qualified is whether he is meeting his "employer's legitimate expectations." *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 548–49 (6th Cir.1991). This is "measured at the time the decision to terminate is made." *Mc-Donald v. Union Camp Corp.,* 898 F.2d 1155, 1160 (6th Cir.1990) (*citing Huhn v. Koehring Co.,* 718 F.2d 239, 243 (7th Cir. 1983)). In other words, if Brown "was not doing what [Renter's Choice] wanted him to do, he was not doing his job." *Id.* (quotation omitted). Renter's Choice contends that Brown fails to meet this burden because, as store manager, he did not meet sales and collection goals, or increase store profits.

■ After reviewing the record, the Court finds that Defendant Renter's Choice gives strong evidence that Brown was not doing his job within the defendant's legitimate expectations. For example, in deposition testimony, Brown admits that he did not like collecting delinquent accounts and that for him the task was difficult. Brown states:

Q. It's not something you like to do?

A. It's not a pleasant thing to do. I did it to the best of my ability. As I said earlier I think it's fair or average. I was not the best collector because I felt that at times Mrs. Jones couldn't pay me this week, maybe next week. I didn't feel comfortable taking the stove and refrigerator or beds from their kids. This is not necessarily just one individual's view. I think that's the industry as a whole.

(Brown deposition at 85).

\* \* \* \* \* \*

Q. Did you ever have any belief that you were dropping below [company] standard performance levels?

A. Occasionally the collections might get higher than it should and then

---

4. Notably, under the *McDonnell Douglas* burden shifting paradigm, only the burden of production shifts. At all times, the plaintiff retains the ultimate burden of persuading the trier of fact that intentional discrimination occurred. See *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 518, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) (quoting *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

5. As later discussed, to show pretext, a plaintiff must give sufficient evidence showing that the employer's reason is (1) factually false, (2) was not the actual reason for the action, or (3) was insufficient to motivate the action. If a plaintiff does this, that fact-finder may, but is not required, to "infer illegal discrimination from the plaintiff's prima facie case." *Id.* at 1084.

we'd have to worker harder to get it back in line.

Q. Did Mr. Gartland ever discuss that particular performance standard with you?

A. That was not so much the standard, but what we needed to improve. That was one of the things that we talked about on those couple occasions. When we talked about something it was more the—for the most part a couple times in that seven- or eight-month period that I remember we had conversations that were not pleasant, they were usually negative types of conversations about the—what we would call the collections or the delinquencies or the past dues. We would work harder.

Brown deposition at 256–57.

The defendant further shows that Brown's performance was an issue just days before they fired him. On January 22, 1997, Pat Gartland gave Brown a handwritten task list. In it, Gartland identified areas needing improvement. Gartland set out an aggressive collection schedule for calling uncommitted or delinquent customer accounts.

Gartland's task list followed earlier performance reports identifying problems in Store # 359. The record includes several store operation check lists showing that Brown consistently failed to maintain customer files and account information according to company standards. For example, a store check list dated July 17, 1996, showed Brown "still" had not called credit routes or mailed "past due letters" as required every week. In September 1996, a hand-written store review showed that Store # 359's files were "horrible"—with "very poor verification" on accounts. This evidence shows that Gartland periodically visited the Akron store and regularly communicated performance concerns to Brown. Brown does not rebut or contest this evidence. Significantly, Brown fails to show sufficient evidence that he was per-

forming at expected levels when the defendant fired him.

■ Brown likewise fails to show sufficient evidence that Defendant Renter's Choice treated him differently than other store managers. Brown alleges that his supervisor, Pat Gartland, treated Mr. Bill Moffett more favorably, despite poor performance at his store. Moffett, the manager of a neighboring store in Canton, Ohio, also had low performance figures. Brown says that while Gartland recognized certain matters beyond Moffett's control affected the Canton store's success, Gartland refused to recognize that similar problems affected Brown's Akron store.

Even if Brown's allegations are true, Brown does not give specific facts that Gartland treated Brown differently because of his age. Rather, the record shows Gartland treated store managers in his region the same. In his deposition, Gartland states:

Q. What have you personally done, Pat, to help the Canton store succeed?

A. I mean, I do the same thing as I do with any store. I go, I check the files. I tell them you have to increase—you have got to do this differently; you have got to do more of this. Same basic things I did on action plans we looked at earlier.

Q. With respect to Mel?

A. Yeah. I do the same things, and I look at the same issue in every store, and I mean, and I don't find as much wrong as are on those forms that you have.

(Gartland deposition at 265).

This evidence does not support Plaintiff Brown's conclusory assertion that Gartland treated Brown differently because of his age. Accordingly, without facts showing that he was treated differently or that he was doing his job at expected levels when he was fired, Plaintiff Brown fails to make a *prima facie* of age discrimination.

Even if Plaintiff Brown did make a *prima facie case*, Brown fails to show that Defendant Renter's Choice's decision to fire him was pretextual or actually motivated by his age. "[A] plaintiff who succeeds in establishing a prima facie case does not automatically survive a motion for summary judgment." *MacDonald v. Eastern Wyoming Mental Health Ctr.*, 941 F.2d 1115, 1121 (10th Cir.1991). Instead, courts need to decide whether the complaining plaintiff can rebut the defendant's proffered explanation for their actions.

When a plaintiff in fact establishes a *prima facie case* of discrimination, which Plaintiff Brown has not done here, he creates a "presumption that the employer engaged in impermissible age discrimination." *Heck v. Board of Trustees, Kenyon College*, 12 F.Supp.2d 728, 740 (S.D.Ohio 1998) (citing *LeBlanc v. Great Am. Ins. Co.*, 6 F.3d 836, 842 (1st Cir.1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994)). To rebut this presumption, the defendant must state a legitimate nondiscriminatory reason for their action. *Id.*

Here, Defendant Renter's Choice states a legitimate, nondiscriminatory reason for Brown's firing. Renter's Choice states that Brown was not doing his job at expected levels. The defendant specifically says Brown did not meet store sales and collection goals and, ultimately, failed to increase the Akron store's profitability. The Court finds the defendant's stated reasons for firing Brown sufficient to rebut the legal presumption of unlawful discrimination.

Because Defendant Renter's Choice succeeds in carrying its burden of production, the burden returns to Plaintiff Brown to dispel the defendant's stated explanation. See *St. Mary's Honor Center*, 509 U.S at 510, 113 S.Ct. 2742. The Court notes that the plaintiff's burden in showing pretext is high.

 "[A] reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center*, 509 U.S. at 512 n. 4, 113 S.Ct. 2742. "It is not enough, in other words, to disbelieve the employer; the factfinder must believe the plaintiffs explanation of intentional discrimination." *Id.* at 519, 113 S.Ct. 2742. An employer may make employment decisions "for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir.1984). Even if the court were to disagree with the defendant's reasons for its actions or believe that the defendant was unnecessarily harsh toward the plaintiff, this would not be enough; an affirmative finding of discrimination must be made. *See id.* (finding no discrimination even if a defendant fired a plaintiff for violating a rule he did not violate).

In *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078 (6th Cir.1994), the Sixth Circuit Court of Appeals outlined three ways to establish a case on the credibility of the employer's explanation. These include demonstrating by a preponderance of the evidence that (1) the proffered reasons had no bases in fact; (2) the proffered reasons did not actually motivate the adverse action, or (3) the proffered reasons were insufficient to motivate the adverse action. *Id.* at 1084. It is important to note that the *Manzer* court gave credit to the employer's proffered reasons for firing the plaintiff absent other sufficient evidence that the defendant had not fired Manzer for "just cause." [6] The court observed:

cient basis in the evidence for doing so. To allow the jury to simply refuse to believe the employer's explanation would subtly, but inarguably, shift the burden of persuasion

---

**6.** In *Manzer*, the Sixth Circuit construed the respective pretext burdens and emphasized that a factfinder may not reject an employer's proffered explanation "unless there is suffi-

The issue is not whether Manzer was truly 'obnoxious' enough, or 'unreliable' enough, to justify firing him. Nor are we concerned with why Diamond Shamrock retained Manzer as long as it did. Those are precisely the type of 'just cause' arguments which must not be allowed to creep into an employment discrimination law suit. Diamond Shamrock asserts that these are the reasons Manzer was fired and, in the absence of one of the three showings discussed above, its explanations must be accepted.

*Id.* at 1085.[7]

Accordingly, for Plaintiff Brown to prevail once a Defendant Renter's Choice gives a legitimate, nondiscriminatory reason for its adverse action, Brown must prove both that the reason was false and that discrimination was the real reason. *St. Mary's Honor Center,* 509 U.S. at 507–08, 113 S.Ct. 2742. Essentially, Plaintiff Brown must show that the defendant's "presumptively valid reasons for [his] discharge were, in fact, a cover-up for discriminatory decisions." *Heck,* 12 F.Supp.2d at 741 (citing, 898 F.2d at 1160).

■■■ Plaintiff Brown argues that he was not the cause of the Akron store's poor performance and profitability. Brown says the store had inherent problems before he became manager. Besides the store's poor retail location before it moved to Arlington Road, Brown says his supervisor often moved employees from Brown's store into other stores. Brown says frequently having to train new or inexperienced employees caused his store to run inefficiently. Plaintiff Brown also says budget and expense problems plagued the Akron store.

Plaintiff Brown further complains that Gartland never mentioned his or the company's dissatisfaction with Brown's management of the Akron store. Brown claims the defendant did not give him bad performance reviews. Brown also says Renter's Choice did not warn or discipline him before firing him. Here, Brown argues that other regional managers documented problems with store managers on company "Critical Incident Sheets." Brown suggests Pat Gartland's failure to document customer complaints or Brown's poor performance on these critical incident report sheets is evidence that the defendant treated Brown differently than other, younger employees. The Court finds these facts insufficient to show discrimination based on Brown's age. First, Plaintiff Brown gives no evidence that Defendant Renter's Choice required Gartland, as a regional manager, to use the "critical incident sheets" to report complaints or problems. Second, even if the defendant required Gartland to use these incident sheets, Brown does not adequately show how failing to use these sheets to warn or discipline Brown relates to firing him because of his age. Brown's arguments on this issue are unpersuasive.

Brown next tries to show pretext by arguing that Renter's Choice fired him to limit his incentive stock option benefits. Brown suggests that the company wanted to save money, and that Gartland was jealous that Brown held much company

---

from the plaintiff to the defendant, which we must not permit." *Id.* at 1083 (emphasis added).

7. *See also Greer v. Sears, Roebuck & Co.,* 54 F.3d 776, 1995 WL 283778 (6th Cir.1995) (finding pretext not shown by attack on legitimate factual basis for termination; plaintiff must show, for example, others not discharged for similar acts), *cert. denied,* 516 U.S. 1053, 116 S.Ct. 723, 133 L.Ed.2d 675 (1996); *Tragler v. Rondy Inc.,* 45 F.3d 431, 1994 WL 709285, *3 (6th Cir.1994) (stating that "[c]onclusory assertions are not sufficient to allow a nonmovant to withstand a motion for summary judgment .... disputation of facts underlying defendant's legitimate reason is not sufficient to carry plaintiff's burden"); *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 804–05 (6th Cir.1994) (stating a reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason).

stock. Brown says the defendant fired him only three months before he was to receive an increase in his shares and vested interest in company stock. This argument too has little merit.

 It is settled law that "there is no disparate treatment under the ADEA when the factor motivating the employer is some feature other than the employee's age." *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 609, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993). In *Hazen Paper,* the Supreme Court stated that the ADEA only protects employees terminated because of the stereotypical notion that the employee's productivity and competency deteriorate with age. *Id.* at 610, 113 S.Ct. 1701. Plaintiff Brown's allegations that Renter's Choice fired him because of his stock option benefits is not enough to show age discrimination. See *Heck,* 12 F.Supp.2d at 741. In *Heck,* the district court for the Southern District of Ohio stated: "When an employer's decision to terminate an employee is 'pension eligibility, salary or some other correlate with age *unrelated to ageist stereotypes,'* such decisions are not actionable disparate treatment." *Id.* (citations omitted). Because Plaintiff Brown does not show specific facts that Renter's Choice considered his age and stock option eligibility in its decision to terminate him, this argument fails.[8]

Having considered the record and arguments of counsel, the Court finds that Plaintiff Brown fails to give evidence that genuine issues of material fact exist to warrant trial. Brown does not give evidence sufficient to rebut the validity of the defendant's proffered reasons for his termination. Nor does Brown show specific facts that Renter's Choice or its management-level employees acted with discriminatory animus. Absent direct, circumstantial, or compelling statistical evidence from which a jury could reasonably conclude that Brown was fired *because of his age,* Plaintiff Brown fails to overcome the defendant's motion for summary judgment.

Having decided this, the Court turns to Plaintiff Brown's claim for wrongful discharge violating public policy.

### B. Wrongful Discharge Violating Public Policy

With his age discrimination claim, Plaintiff Brown sues Defendant Renter's Choice for wrongful discharge violating public policy. Brown alleges that the defendant's decision to fire him violates the public policy prohibiting termination based on age. In response, Defendant Renter's Choice says it is entitled to judgment on this claim because Brown cannot show the defendant engaged in unlawful age discrimination. The Court agrees.

The evolving law of public policy torts in Ohio was most recently clarified by the Ohio Supreme Court in *Kulch v. Structural Fibers, Inc.,* 78 Ohio St.3d 134, 677 N.E.2d 308 (1997), *cert. denied,* —— U.S.——, 118 S.Ct. 586, 139 L.Ed.2d 423 (1997).[9] In *Kulch,* the Supreme Court of

---

8. Plaintiff Brown also argues that certain remarks, including a statement that he "was a bit long in the tooth," show that the defendant tolerated or harbored age bias. Assuming this to be true, Brown's argument fails. Brown was fired by his supervisor, Pat Gartland. The record shows that a Mr. Mike Whitaker made the above remark to Mr. James Artwell. Notably, neither Whitaker nor Artwell ever supervised Brown, nor is there evidence that they were "meaningfully involved" in firing Brown. The Sixth Circuit has held that statements not made by the ultimate decision makers are not indicative of discrimination. *See Wells v. New Cherokee Corp.,* 58 F.3d 233, 237 (6th Cir.1995) (stating: "[C]ourts must consider as probative evidence any statements made by those individuals who are in fact meaningfully involved in the decision to terminate an employee.").

9. In *Kulch,* the court held that an employee discharged for filing a complaint with OSHA may maintain a separate tort action for violation of public policy despite the fact that the plaintiff failed to comply with the Ohio Whistleblower Act. *Id.* at 162, 677 N.E.2d 308. See also *Greeley v. Miami Valley Maint. Contractors, Inc.,* 49 Ohio St.3d 228, 233–34, 551 N.E.2d 981 (1990) (stating that "the time has come for Ohio to join the great number of states which recognize a policy exception to the employment-at-will doctrine.").

Ohio sets out the elements to succeed on a claim for wrongful discharge violating public policy under Ohio law:

> (1) that [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element); (2) that dismissing employees under circumstances like those involved in the plaintiffs dismissal would jeopardize the public policy (the jeopardy element); (3) the plaintiffs dismissal was motivated by conduct related to the public policy (the causation element); and (4) the employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

*Id.* at 321 (internal citations, capitalization, and quotation marks omitted).

Although Defendant Renter's Choice concedes that Ohio courts recognize a tort for wrongful discharge violating public policy, it argues the tort will fail if the plaintiff cannot make a *prima facie case* of discrimination.[10] In short, Renter's Choice suggests that Brown's public policy claim fails if his underlying age discrimination claim fails. The Court agrees.

The Sixth Circuit has stated that a wrongful discharge violating public policy claim will fail if the underlying discrimination claim fails. See *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 375 (6th Cir. 1999). In *Godfredson,* the Sixth Circuit acknowledges that a plaintiffs failure to show a material issue of fact regarding the fourth element under *Kulch* —the overriding justification element—will defeat a claim for wrongful discharge violating public policy. The overriding justification element requires a plaintiff to show that the employer "lacked overriding legitimate business justification. for the dismissal." *Id.* at 375. As earlier discussed, Plaintiff Brown fails to make this showing.

Because Plaintiff Brown does not give evidence that the defendant's decision to fire him was pretextual, Brown's public policy claim, like the age discrimination claim, must fail. Accordingly, Defendant Renter's Choice is entitled to summary judgment on Plaintiff Brown's public policy claim.

## IV. Conclusion

For the reasons above, the Court concludes that Plaintiff Brown fails to show direct, indirect, or circumstantial evidence of age discrimination sufficient to survive the defendant's motion for summary judgment. Accordingly, the Court grants the defendant's motion for summary judgment on the remaining counts of the complaint.

IT IS SO ORDERED.

## OPINION AND ORDER

The Court has entered its opinion and order of decision in the above-captioned case. For the reasons therein, the Court grants Defendant Renter's Choice's motion for summary judgment on Plaintiff Melvin Brown's remaining age discrimination and public policy claims (Counts I and II) [Doc. 25].

Accordingly, this action is terminated pursuant to Fed.R.Civ.P. 58.

IT IS SO ORDERED.

---

10. A review of relevant case law shows that a public policy tort has been recognized in the context of wrongful termination or discharge claims. *See Rogers v. A.K. Steel Corp.*, No. C–1–96–987, (S.D.Ohio April 16, 1998) (Beckwith, J.), and *Schutte v. United Dairy Farmers, Inc.*, No. C–1–97–850, slip op. at 2–7 (S.D.Ohio March 17, 1998) (Spiegel, J.). Both decisions discuss the leading case authority in Ohio on this issue; *Kulch v. Structural Fibers, Inc.*, 78 Ohio St.3d 134, 677 N.E.2d 308 (1997), and *Livingston v. Hillside Rehab. Hospital.*, 79 Ohio St.3d 249, 680 N.E.2d 1220 (1997), *reversing,* No. 95–T–5360, 1997 WL 51413 (Ohio App. 11th Dist. Jan. 24, 1997). Both *Rogers* and *Schutte* arise in the context of wrongful termination or discharge claims. *See also Smith v. Glaxo Wellcome, Inc.*, No. C–1–96–540, slip op. at 2 (S.D.Ohio June 11, 1998) (Dlott, J) (recognizing public policy claim for wrongful discharge based on age and sex discrimination).