[Cite as *Moody v. Ohio Dept. of Mental Health & Addiction Serv.*, 2024-Ohio-560.]

# IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| TONY MOODY<br><br>    Plaintiff<br><br>    v.<br><br>OHIO DEPARTMENT OF MENTAL<br>HEALTH AND ADDICTION SERVICES<br><br>    Defendant | Case No. 2019-01146JD<br><br>Judge David E. Cain<br>Magistrate Holly True Shaver<br><br><u>JUDGMENT ENTRY</u> |

{¶1} Plaintiff, formerly employed by Defendant as a Therapeutic Program Worker (TPW) at Twin Valley Behavioral Healthcare (Twin Valley), asserted claims under federal and state law for race and national origin discrimination and a claim under state law for retaliation. Upon defendant's motion for summary judgment, the court rendered judgment in favor of defendant as to all claims. After the Tenth District Court of Appeals reversed, in part, this court's decision granting summary judgment on plaintiff's claim for retaliation pursuant to R.C. 4112.99, this case was tried to a magistrate on the issues of liability and damages as to that remaining claim.[1]

{¶2} Following trial, the magistrate recommended judgment in favor of defendant after finding "that plaintiff has failed to prove both pretext and that his participation in a protected activity (filing the OCRC/EEOC complaint) was a but-for cause of the December 2018 investigations and the pre-disciplinary meeting." Now before the court are plaintiff's November 20, 2023 objections to the magistrate's October 23, 2023 decision. In support, plaintiff filed transcripts for the testimony of three trial witnesses: Albert Gyebi, Gideon Ihiekonya, and Iya Ngalla. For the reasons discussed below, the court OVERRULES plaintiff's objections and adopts the magistrate's decision as its own.

---

[1] The Tenth District Court of Appeals affirmed, in part, this court's decision granting summary judgment and upheld the finding that plaintiff failed to establish a prima facie case for race and national origin discrimination because he did not show that an adverse employment action had occurred. *Moody v. Ohio Dept. of Mental Health and Addiction Servs.*, 2021-Ohio-4578, 183 N.E.3d 21 (10th Dist.).

**Standard of Review**

{¶3} A magistrate's decision "is not effective unless adopted by the court." Civ.R. 53(D)(4)(a). Civ.R. 53(D)(4)(b) provides that, "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." However, when a party files objections to a magistrate's decision, the court "shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues, and appropriately applied the law." Civ.R. 53(D)(4)(d). In reviewing the objections, the court does not act as an appellate court but rather conducts "a de novo review of the facts and conclusions in the magistrate's decision." *Ramsey v. Ramsey*, 10th Dist. Franklin No. 13AP-840, 2014-Ohio-1921, ¶ 17 (internal citations omitted).

{¶4} Objections "shall be specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). Additionally, they must be supported "by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if the transcript is not available." Civ.R. 53(D)(3)(b)(iii). When an objecting party fails to properly support his objections with a transcript or affidavit, "the trial court must accept the magistrate's factual findings and limit its review to the magistrate's legal conclusions." *Triplett v. Warren Corr. Inst.*, 10th Dist. Franklin No. 12AP-728, 2013-Ohio-2743, ¶ 13.

**Relevant Background**

{¶5} Plaintiff, a naturalized citizen of the United States who was born in Sierra Leone, began working as a TPW for Twin Valley in 2013. In 2015, plaintiff received formal workplace discipline three times for varying issues. After being transferred to a different supervisor, plaintiff did not receive formal workplace discipline again until 2018.

{¶6} In June 2018, plaintiff did not report to work because he thought he was not scheduled to work. After being contacted by his supervisor, plaintiff reported late to work. Because he had previous formal workplace discipline on his record, plaintiff was given a working suspension in August 2018 for the unauthorized tardiness. In September 2018, plaintiff filed a discrimination charge with the Ohio Civil Rights Commission (OCRC) and

the United States Equal Employment Opportunity Commission (EEOC) based on the August 2018 working suspension. OCRC found it was not probable that defendant had unlawfully discriminated against plaintiff and the EEOC adopted these findings.

{¶7} In December 2018, plaintiff was involved in two different investigations regarding other TPWs acting unprofessionally with patients. During the December 2018 investigations, plaintiff related that he had witnessed TPWs acting unprofessionally with patients and had not formally documented the occurrences in a formal incident report. In January 2019, defendant notified plaintiff that he was being charged with violating Rule 4.13 for failing to immediately report a violation of a work rule, policy, or procedure.

{¶8} Thereafter, defendant held a pre-disciplinary meeting with plaintiff and, as a result, issued a finding of just cause for discipline. While defendant did not make a final determination of whether disciplinary action would be taken against plaintiff, plaintiff received additional incident report training in March 2019. In April 2019, plaintiff resigned.

**Discussion**

{¶9} In his objections, plaintiff contends that the magistrate erred when concluding that defendant's policy required plaintiff to file an incident report regarding James' and Sherman's mistreatment of patients and, thus, also erred when finding that plaintiff violated defendant's policy by failing to write such incident reports. Plaintiff further argues that, because he was not required to write such incident reports, the magistrate erred in finding that defendant's reasons underlying the December 2018 investigations and the pre-disciplinary conference were not pretextual and in concluding that plaintiff failed to prove causation between those adverse employment actions and plaintiff's participation in protected activity.

{¶10} At the outset, the court notes that plaintiff does not dispute the accuracy of the magistrate's recitation of the evidence. Instead, plaintiff takes issue with the magistrate's omission of certain facts that plaintiff feels are probative. However, the magistrate is not required to state in her decision every single fact on which her findings are based. *See* Civ.R. 52 ("When questions of fact are tried by the court without a jury, judgment may be general * * *."); *see also In re J.C.F*, 11th Dist. Trumball No. 2020-T-0084, 2021-Ohio-1057, ¶ 25 ("the magistrate was not required to list every finding on

which his decision was based."). Despite plaintiff's contention that certain omissions were inexplicable, the magistrate specifically prefaced her tailored summation of the evidence with the following explanation:

> At trial, the magistrate heard the testimony of many witnesses. However, keeping in mind the findings of the Tenth District Court of Appeals, this decision will focus on the testimony and evidence presented regarding the issues of material fact regarding pretext specifically, the incident reporting practices at Twin Valley and defendant's justification for the December 2018 investigations and January 2019 discipline process.

Plaintiff has not provided sufficient justification for the court to conclude that the magistrate did not properly determine the factual issues. Therefore, the court finds no error with the magistrate's factual findings and adopts the same as its own.

{¶11} The court will now consider plaintiff's objections to the magistrate's legal conclusions. Initially, the court notes that plaintiff's objections devolve from the magistrate's interpretation of defendant's incident reporting policies. The magistrate specifically found that:

> [t]he evidence at trial showed that defendant's policies required an incident report to be filed when there was an allegation of abuse or neglect of a patient. Although it appears in the day-to-day operations of Twin Valley, incident reports are not filed as strictly as the policies dictate, plaintiff's understanding that he should report incidents to a charge nurse instead of filing an incident report himself was nonetheless incorrect. The testimony of Ngalla, plaintiff's supervisor, was particularly persuasive to the magistrate to show that an incident report by the employee who witnessed the violation was required per the policy, despite plaintiff's assertions that an oral report to a supervisor would suffice. The magistrate also notes that the statements of Nkengafac, Smith, and Durunna all consistently show that their understanding of the policy was that a written incident report was required. The magistrate finds that plaintiff violated defendant's written policy found in Defendant's Exhibit A by not writing an incident report about the conduct of James and Sherman, and that the alleged adverse employment actions

that defendant took against plaintiff were not pretextual. Moreover, the difference in opinion among staff about the reporting policy fails to demonstrate that defendant's proffered reason was not the real reason or was an insufficient reason for the investigations and pre-disciplinary meeting.

Upon review, the court finds no error with the magistrate's legal conclusions.

{¶12} It is the court's view that the magistrate, as the trier of fact in a bench trial, is free to rely on the facts she deems most relevant and material to the issues at hand and free to disregard some evidence and rely on other evidence, in part, in whole, or any deviation in between. *See Siegel v. State*, 28 N.E.3d 612, 2015-Ohio-441, ¶ 12 (10th Dist.) (Any "suggestion that a magistrate * * * is incapable of deciding the facts and weighing the credibility of witnesses, lacks merit."). While plaintiff filed a transcript of Ngalla's testimony, this is only one excerpt of trial testimony out of many that the magistrate used to interpret defendant's incident reporting practices at Twin Valley. Notably, the magistrate also relied on the statements of Nkengafac, Smith, and Durunna to reach her conclusion. Therefore, plaintiff failed to support his argument by a transcript of all the evidence submitted to the magistrate relevant to the challenged finding in accordance with Civ.R. 53(D)(3)(b)(iii).

{¶13} Moreover, the plain language of the policy speaks for itself. Even considering the difference in opinion among staff about how the incident reporting policy operates, incident reports not being filed as strictly as the policies dictate in the day-to-day operations of Twin Valley is not sufficient evidence to establish that unlawful retaliation was defendant's real reason for the December 2018 investigation and the pre-disciplinary meeting. Upon review, the court agrees with the magistrate that "both December investigations were triggered by employee incident reports, including one plaintiff himself initiated[,] * * * and defendant had a duty to interview witnesses because those incident reports had been filed." Based on plaintiff's own statements during these interviews, defendant identified that plaintiff was not filing incident reports when he witnessed policy violations of other TPWs. Therefore, the magistrate properly found "that the pre-disciplinary meeting occurred because of the answers plaintiff gave during the investigative interviews."

{¶14} While plaintiff may disagree that the unreported violations at issue required a formal incident report, defendant had an obligation to investigate and that investigation illuminated plaintiff's failure to properly report, which reasonably warranted retraining. Generally, "it is not the role of the judiciary to 'second guess the business judgments by an employer making personnel decisions.'" *Morrissette v. DFS Servs., LLC*, 10th Dist. Franklin No. 12AP-611, 2013-Ohio-4336, ¶ 40, quoting *Manofsky v. Goodyear Tire & Rubber Co.*, 69 Ohio App.3d 663, 669, 591 N.E.2d 752 (9th Dist.1990). Because there is insufficient evidence to conclude that defendant held the pre-disciplinary meeting and required plaintiff to retrain because plaintiff filed the September 2018 discrimination charge with the OCRC/EEOC, the court will not substitute its judgment for defendant's regarding the implementation of its own incident reporting policies. *See id.*, citing *Brown v. Renter's Choice, Inc.*, 55 F.Supp.2d 788, 795 (N.D.Ohio 1999), quoting *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1187 (11th Cir.1984) ("An employer may make employment decisions 'for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.'"). Therefore, the court finds that the magistrate properly concluded that plaintiff failed to prove that the real reason for the investigations and pre-disciplinary meeting was unlawful retaliation and that he failed to present credible evidence to show a causal relationship existed between the protected activity and the adverse employment actions. Consequently, the Court OVERRULES plaintiff's objections.

**Conclusion**

{¶15} For the reasons stated above, the Court finds that the magistrate properly determined the factual issues and appropriately applied the law. The court OVERRULES plaintiff's objections. The Court adopts the magistrate's decision and recommendation as its own, and judgment shall be rendered in favor of defendant. Court costs are assessed against Plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
DAVID E. CAIN

_____
Judge

**Filed January 29, 2024**
**Sent to S.C. Reporter 2/15/24**