**MANOFSKY, Appellant,**

**v.**

**GOODYEAR TIRE & RUBBER COMPANY, Appellee.**

[Cite as *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663.]

Court of Appeals of Ohio,
Summit County.

No. 14548.

Decided Oct. 3, 1990.

Ronald G. Macala and Randall Vehar, for appellant.

John T. Billick, James D. Kurek and Vincent J. Tersigni, for appellee.

---

CACIOPPO, Judge.

This appeal questions whether summary judgment was properly granted in this employer/employee dispute. Appellant, Robert Manofsky, maintains that triable questions of fact exist on all the essential elements of his claims of age discrimination, sex discrimination, and wrongful discharge. He further protests that summary judgment was granted before discovery could be adequately conducted. We disagree and affirm the trial court's judgment in favor of appellee, Goodyear Tire & Rubber Company ("Goodyear").

Although the parties disagree on almost every aspect of this case, a few uncontested facts may be discerned. Except for a two-year period when he operated his own Goodyear franchise, Manofsky was employed by Goodyear from 1965 to 1987. In late 1986, after the failed takeover attempt by Sir James Goldsmith, Goodyear adopted an early retirement incentive program ("ERIP") which allowed older employees to retire early and collect increased benefits. For reasons the parties hotly dispute, Manofsky passed on this offer which terminated on December 19, 1986.

Within weeks, Goodyear determined that more personnel reductions would be required. Manofsky was subsequently laid off in January 1987. He was never considered for reinstatement.

On July 16, 1987, Manofsky filed a complaint against Goodyear alleging age discrimination, sex discrimination, and wrongful discharge. For two years the parties battled over the proper forum, consolidation, amendments to the complaint, and discovery. Goodyear then moved for summary judgment on all counts. After an oral hearing and the filing of a number of briefs, the trial court granted Goodyear's Civ.R. 56 motion in full. Manofsky now appeals this decision.

### Assignment of Error I

"The trial court erred in granting summary judgment on behalf of Goodyear since there were genuine issues of material fact."

The standard of review in this appeal is well established. Pursuant to Civ.R. 56(C), summary judgment is proper if the trial court determines that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; see, also, *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976.

Once summary proceedings have been properly initiated, the responding party must set forth specific facts demonstrating triable issues on all essential matters for which he bears the initial burden of proof. Mere reliance upon the pleadings is insufficient. Civ.R. 56(E); see, also, *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265, 273–274. The dispute must be "material" in that the facts involved have the potential to affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211. The issue to be tried must also be "genuine," allowing reasonable minds to return a verdict for the nonmoving party. *Id.* 477 U.S. at 248–252, 106 S.Ct. at 2510–2512, 91 L.Ed. at 211–214.

Manofsky's complaint against Goodyear alleges three independent causes of action. This opinion will be subdivided accordingly.

### I. Age discrimination

Manofsky's age discrimination claim is founded upon R.C. 4112.02(N). Adopting the analytical framework established in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668, 677, the

Ohio Supreme Court held in *Barker v. Scovill, Inc.* (1983) 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, paragraph one of the syllabus:

"In order to establish a prima facie case of age discrimination, violative of R.C. 4101.17, in an employment discharge action, plaintiff-employee must demonstrate (1) that he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class. Defendant-employer may then overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for plaintiff's discharge. Finally, plaintiff must be allowed to show that the rationale set forth by defendant was only a pretext for unlawful discrimination."

This approach is similarly applicable to actions based upon R.C. 4112.02. *Wang v. Goodyear Tire & Rubber Co.* (1990), 68 Ohio App.3d 13, 587 N.E.2d 387; *In re Brantley* (1987), 34 Ohio App.3d 320, 518 N.E.2d 602.

■ The employer's burden regarding the legitimate nondiscriminating rationale is one of production only. Once an explanation "legally sufficient to justify judgment" for the employer is presented, the plaintiff then bears the burden of persuasion upon the ultimate question of wrongful discrimination. *Texas Dept. of Community Affairs v. Burdine* (1981), 450 U.S. 248, 254–256, 101 S.Ct. 1089, 1094–1095, 67 L.Ed.2d 207, 215–217.

■ Manofsky's assignment of error in this regard may be resolved by moving directly to the "nondiscriminatory rationale" element of his age discrimination claim. Goodyear's interrogatory answers state that payroll cost reductions were necessary to cope with the multibillion-dollar debt incurred in the wake of the Sir James Goldsmith takeover attempt in October and November 1986. The document states further that two layoffs were required in Manofsky's department and he was selected based solely upon poor performance reports. These answers were signed by Alice Chaloner who is the manager of Human Resource Division at Goodyear.

Although Manofsky complains that Chaloner is not competent to testify on these matters—apparently believing that his interrogatories deserved the attention of more prominent personnel—Civ.R. 33(A) merely demands that she be a "proper employee" for this task. Manofsky's reference to Civ.R. 56(E)'s "admissibility and competency requirements" is severely misleading as that provision only concerns affidavits. Such documents are but one form of evidence a trial court may consider in a summary judgment proceeding. Civ.R. 56(C). The interrogatory answers involved represent the sworn state-

ment of Goodyear on matters which the corporate entity has personal knowledge and are therefore appropriate.

Accordingly, this evidence establishes a nondiscriminatory rationale for laying off Manofsky which would be legally sufficient to justify a judgment for Goodyear. *Burdine, supra.* The burden of persuasion consequently rests squarely upon the employee to establish his claim of wrongful discrimination. See *Ridenour v. Lawson Co.* (C.A. 6, 1986), 791 F.2d 52, 56.

■ After a thorough review of the many documents submitted by the parties, this court finds that Manofsky falls short in this respect. The former employee has presented no evidence suggesting that the economic justification based upon the Goldsmith takeover attempt was a mere "pretext for discrimination." *Loeb v. Textron, Inc.* (C.A. 1, 1979), 600 F.2d 1003, 1012; *Wilkins v. Eaton Corp.* (C.A. 6, 1986), 790 F.2d 515, 521. Manofsky's repeated claims that he was a valued employee who was often commended and paid well serve only to demonstrate that he was treated fairly by Goodyear up until layoffs were necessitated. *Barker, supra,* 6 Ohio St.3d at 149, 6 OBR at 204–205, 451 N.E.2d at 810–811.

■ Manofsky asserts in his brief that he was denied an opportunity to conduct discovery upon the question of whether the attempted takeover truly necessitated layoffs at Goodyear. Civ.R. 56(F) permits a party to seek a continuance of summary judgment proceedings in order to conduct further discovery. Obviously, the evidence cannot be examined in a light most favorable to the nonmoving party if full access to necessary materials and witnesses is denied. *Tucker v. Webb Corp.* (1983), 4 Ohio St.3d 121, 123, 4 OBR 367, 369, 447 N.E.2d 100, 102. The trial court nevertheless enjoys considerable discretion in the regulation of discovery proceedings. *State, ex rel. Daggett, v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph one of the syllabus; see, also, 36 Ohio Jurisprudence 3d (1982) 47, Discovery and Depositions, Section 32.

Manofsky has not set forth a compelling basis demonstrating that this discretion was abused. See, generally, *Cedar Bay Constr., Inc. v. Fremont* (1990), 50 Ohio St.3d 19, 552 N.E.2d 202; *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1251. As drafted, the two pertinent demands were extremely broad and not particularly pertinent. Contrary to his assumptions, Manofsky does not have the unfettered right to "test" the accuracy of Goodyear's sworn statements through discovery. More to the point, the trial court was not under any obligation to permit Manofsky to conduct a fishing expedition for incriminating documents.

■ This court has previously held in a similar case that the employee's burden in demonstrating a discriminatory pretext is somewhat heavier when a work force reduction is required by economic necessity. *Wang, supra,* 68 Ohio App.3d at 16, 587 N.E.2d at 389, citing *LaGrant v. Gulf & Western Mfg. Co., Inc.* (C.A. 6, 1984), 748 F.2d 1087, 1090–1091. As a general rule, the judiciary will not second guess business judgments by an employer making personnel decisions. *Brownlow v. Edgecomb Metals Co.* (C.A. 6, 1989), 867 F.2d 960, 964; *Wilkins, supra,* at 521. Since Manofsky has not established a genuine dispute over Goodyear's nondiscriminatory rationale, summary judgment in this regard was appropriate.

## II. Sex discrimination

■ Manofsky also complains that he was the victim of unlawful gender discrimination while employed at Goodyear. His claim is problematic on a number of grounds.

While a cause of action is created for those aggrieved by age discrimination in R.C. 4112.02(N), a claim of sex discrimination must be based upon the general provision of R.C. 4112.99. Effective September 28, 1987, that section transformed the criminal penalties of R.C. Chapter 4112 into a civil remedy. *Helmick v. Cincinnati Word Processing, Inc.* (1989), 45 Ohio St.3d 131, 134, 543 N.E.2d 1212, 1215; *Hoops v. United Tel. Co. of Ohio* (1990), 50 Ohio St.3d 97, 101–102, 553 N.E.2d 252, 256–257.

The alleged discriminatory conduct which Manofsky sets forth is said to have occurred in late 1985 and early 1986. His original complaint was filed on July 16, 1987. Because R.C. 4112.99 was not in effect at that time and statutes are presumed to be prospective in operation, R.C. 1.48, a question exists as to whether Manofsky can assert a civil claim of sex discrimination at all. Nevertheless, we need not resolve this issue at this time as these allegations were properly rejected by summary judgment on the merits.

■ Manofsky maintains in this deposition that he was unjustly refused various job opportunities which Goodyear gave instead to women. The use of such conclusory assertions, however, is not sufficient, without more, to establish a prima facie case of discrimination. *Locke v. Commercial Union Ins. Co.* (C.A. 6, 1982), 676 F.2d 205, 206; *Simpson v. Midland–Ross Corp.* (C.A. 6, 1987), 823 F.2d 937, 941, fn. 5. Even if it were, Manofsky has not presented any credible evidence refuting Goodyear's claim that the women were qualified for the positions they received. Summary judgment on the claim of sex discrimination was therefore appropriate as reasonable minds could not conclude that Manofsky was denied job opportunities simply because he was a man.

### III. Wrongful discharge

Manofsky was, at all relevant times, an at-will employee of Goodyear. Generally, such contracts may be terminated by either side for any reason. *Phung v. Waste Management, Inc.* (1986), 23 Ohio St.3d 100, 102, 23 OBR 260, 261, 491 N.E.2d 1114, 1116. Manofsky insists, however, that various oral and written assurances by Goodyear satisfied the "promissory estoppel" and "implied contract" exceptions to this rule permitting him to recover damages. We do not agree.

The two briefs prepared on behalf of Manofsky by counsel fail to differentiate between these two theories which are actually quite distinct. See, *e.g., Spangler v. Go–Jo Industries, Inc.* (Mar. 22, 1989), Summit App. No. 13853, unreported, 1989 WL 25692. This court will nevertheless attempt to separate the relevant passages which are scattered over the fifty-eight pages of arguments.

### A. Promissory Estoppel

In *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150, paragraph three of the syllabus, the court held that:

"The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee."

As an initial matter, the promises alleged must be "clear and unambiguous" in their terms. *Cohen & Co. v. Messina* (1985), 24 Ohio App.3d 22, 26, 24 OBR 44, 48, 492 N.E.2d 867, 871.

Manofsky does not suggest that anyone guaranteed him a job at Goodyear for a specific length of time. He complains, instead, that certain remarks by fellow employees and publications of the company induced him to forgo the early retirement plan to his detriment. The oral assurances he refers to, however, consist of vague remarks by individuals who were not his immediate supervisors and not responsible for making his employment evaluations. Moreover, the written statements to which he points claim only that Goodyear employees will not be subject to unlawful discrimination and will be transferred, rather than laid off, if possible. Such comments do not create a genuine dispute over whether clear and unambiguous promises were made upon which one could reasonably rely. See *Spangler, supra,* at 7. Summary judgment was therefore appropriate in this regard.

### B. Implied contract

Mers, supra, also recognized that the culmination of various events may transform an employment at-will agreement into an implied contract for a definite term. Mers, supra, at paragraph two of the syllabus, states:

"The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge."

The court has warned, however, that a strong presumption exists against such inflexible arrangements. Henkle v. Educational Research Council (1976), 45 Ohio St.2d 249, 255–257, 74 O.O.2d 415, 418–420, 344 N.E.2d 118, 121–123; Mers, supra, 19 Ohio St.3d at 102, 19 OBR at 263, 483 N.E.2d at 153, fn. 1. Furthermore, employee manuals and handbooks are usually insufficient, by themselves, to create a contractual obligation upon an employer. White v. Wright Tool Co. (Sept. 23, 1987), Summit App. No. 12991, unreported, 1987 WL 17920.

In the instant appeal, Manofsky bases his implied contract analysis upon the same evidence as his promissory estoppel claim. As was the case for the latter, such vague remarks do not allow reasonable minds to conclude that the parties had agreed to anything more than an employment-at-will contract.

We also find significant the inconsistent positions set forth on appeal by Manofsky. By asserting claims for both unlawful discrimination and wrongful discharge, he is forced to argue that his employers were invidiously plotting to remove him for improper causes while simultaneously promising to employ him perpetually. While not mutually exclusive in theory, these two claims do create a tension which is difficult to reconcile. In this case, summary judgment was appropriate as Manofsky failed to demonstrate a genuine dispute over whether the parties created an implied employment contract terminable for good cause only.

### Assignment of Error II

"The trial court erred by dismissing the third cause of action to the extent that such dismissal was based upon Goodyear's position that the claim was time barred and/or that Manofsky failed to exhaust his administrative remedies."

The judgment entry which forms the basis of this appeal does not identify the specific rationale for the trial court's decision. Therefore, we have no reason to believe that summary judgment was granted on the sex discrimina-

tion claim because it was time barred or administrative prerequisites were ignored. Since we have already held that this cause of action was properly dismissed on the merits, the trial court may be affirmed on this ground alone. This assignment of error is therefore overruled.

### Assignment of Error III

"The trial court erred in refusing to grant Manofsky's motion to compel discovery."

This assignment of error was fully discussed previously in regard to the granting of summary judgment in favor of Goodyear. The trial court did not abuse its discretion in denying Manofsky's motion to compel discovery. This assignment of error is therefore overruled.

### Conclusion

For the reasons stated, the trial court is affirmed in all respects.

*Judgment affirmed.*

REECE, P.J., and BAIRD, J., concur.