# ULLMANN

v.

# OHIO BUREAU OF JOBS AND FAMILY SERVICES,
## f.k.a. Ohio Bureau of Employment Services.

2002-Ohio-7404.]

Court of Claims of Ohio.

No. 2001–06941.

Decided Dec. 17, 2002.

Victoria E. Ullmann, pro se.

Betty D. Montgomery, Attorney General, Matthew J. Lampke and Larry Y. Chan, Assistant Attorneys General, for defendants.

---

FRED J. SHOEMAKER, Judge.

{¶ 1} Plaintiff filed this action against defendant alleging age discrimination in violation of R.C. 4112.02. The case was tried to the court on the issue of liability.

{¶ 2} Plaintiff was hired by defendant, Ohio Bureau of Employment Services ("OBES"),[1] in May 1988. She began as an unclassified Attorney 4. In 1990, her position title changed to that of unclassified Attorney 3; however, her duties remained the same. The change was made as a result of a "class modernization." On July 18, 1992, plaintiff reached her 40th birthday. She maintains that OBES thereafter began to severely limit her job responsibilities. On January 8, 1993, she received written notice that her employment as an Attorney 3 would be terminated as of January 22.

{¶ 3} Plaintiff appealed the termination to the State Personnel Board of Review ("SPBR"), alleging that her position had in fact been "classified" and that the proper procedures for her removal had not been followed. After hearing, the SPBR determined that plaintiff should have been considered a classified civil servant. It was further held that she had been overclassified as an Attorney 3 and that her proper classification was that of an Attorney 2. Based upon the recommendation of the administrative law judge, the SPBR subsequently issued an order directing OBES to choose from among four options available under Ohio Adm.Code 123:1–3–01(O) when an employee overclassification has been discovered. OBES chose the option of abolishing plaintiff's position. Plaintiff was then served with written notice, dated November 2, 1993, stating that the Attorney 3 position was being abolished for reasons of efficiency, and because there was no alternative classification into which she could be placed, she would be laid off as of November 19. She received the notice shortly before the layoff date and never actually returned to work.

---

1. OBES is now known as Ohio Bureau of Job and Family Services as reflected in the case caption set forth above.

{¶ 4}  Plaintiff did not appeal the SPBR decision.  However, on November 10, 1993, she filed an appeal challenging the abolishment of her position.  On December 8, 1994, the SPBR affirmed the abolishment on the grounds that it was based upon OBES's reorganization of legal staff.  Plaintiff appealed that SPBR decision to the Franklin County Court of Common Pleas and subsequently to the Tenth District Court of Appeals;  both affirmed the job abolishment.

{¶ 5}  Plaintiff is now before this court contending that the job abolishment was a mere pretext for age discrimination.  Plaintiff argues that she was replaced by Kathy Ferguson, a woman in her early thirties, who was given the title of Attorney 4, but performed duties no different from those that plaintiff had as an Attorney 3.  Further, plaintiff maintains that when Ms. Ferguson was hired, she had only 5 years of prior legal experience, less than 3 years of which were in Ohio, and that she had no experience in state government whatsoever.  By contrast, plaintiff at the time had 15 years of legal experience, including service with another state agency and in private practice.  Plaintiff also noted that the only other Attorney 3 employed at the time of the abolishment was also over the age of 40 and that, after the abolishment, all of the remaining OBES legal staff were under 40 years of age.  Finally, plaintiff contends that OBES personnel lied under oath at the SPBR hearing and subsequent proceedings in order to obtain an affirmance of the Attorney 3 job abolishments.  In her opinion, reorganization and efficiency were not the true reasons for her termination, and OBES later did an "about-face" when it began to disparage her abilities, arguing that she was not qualified for the Attorney 4 position.

{¶ 6}  Age–discrimination cases brought in state courts are to be construed and decided in accordance with federal guidelines and requirements. *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 147, 6 OBR 202, 451 N.E.2d 807. A plaintiff may establish a prima facie case either by direct evidence or by the indirect method set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, In this case, plaintiff presented no direct evidence of age discrimination.  However, under *McDonnell Douglas,* an inference of discriminatory intent may be drawn where plaintiff establishes that she (1) was at least 40 years old at the time of the alleged discrimination, (2) was subjected to an adverse employment action, (3) was otherwise qualified for the position, and (4) was replaced by a substantially younger applicant.  *Burzynski v. Cohen* (C.A.6, 2001), 264 F.3d 611, 622.  Additionally, in the case of age discrimination, it must be shown that age was the motivating factor for the adverse employment action.  *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 575 N.E.2d 439.

{¶ 7}  According to OBES, plaintiff cannot establish a prima facie case because she was not "replaced" by a substantially younger person.  Rather, her job

was abolished and a person who happened to be younger was hired in a different classification. Defendant maintains that the responsibilities of the Attorney 4 differ significantly from those of an Attorney 3. For example, the Attorney 4 position included management responsibilities, signature authority in the absence of Chief Legal Counsel, and inclusion in policy planning and development decisions. The Attorney 3 position was essentially that of a predisciplinary hearing officer who also reviewed contracts, grants, and leases. Further, OBES argued that the issue of whether the abolishment was valid has been determined by the Franklin County Court of Common Pleas and the Tenth District Court of Appeals. Thus, it is its opinion that the doctrine of res judicata precludes relitigation of that matter.[2] If it were to be accepted that the abolishment was valid and that plaintiff was not replaced by a younger person, her claim must fail.

{¶ 8} As a result of its belief that plaintiff cannot establish a prima facie case of age discrimination, OBES has also argued that plaintiff's case is essentially a claim of failure to promote under the Age Discrimination and Employment Act ("ADEA"), Section 621, Title 29, U.S.Code. Accordingly, evidence was presented to refute that claim. Further, to the extent that the validity of the job abolishment is in question, OBES presented evidence to substantiate that its legal staff was reorganized in a legitimate effort to maximize efficiency and reduce costs.

■■ {¶ 9} This court does not agree that plaintiff is alleging a failure to promote. Indeed, plaintiff insisted in her opening, closing, and rebuttal arguments that her claim is based solely upon age discrimination. Nevertheless, evidence concerning the validity of the job abolishment and the alleged lack of qualifications for the Attorney 4 position is relevant when offered to establish a legitimate, nondiscriminatory reason for the adverse employment action. See *Burzynski*, supra. If the employer articulates such a reason, the presumption of discrimination is rebutted; plaintiff must then present evidence that the employer's proffered reason was a mere pretext for unlawful discrimination. *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 667, 591 N.E.2d 752.

{¶ 10} According to plaintiff, the gravamen of this case is whether she can prove pretext, or as expressed in her opening statement, that "somebody lied." It is plaintiff's position that she has demonstrated a prima facie case and that, despite OBES's articulated reasons, the motivating cause for the job abolishment was to "get rid of the old people." She further argues that she was qualified not only for the Attorney 3 position but also for the Attorney 4. In her opinion, OBES

---

2. OBES previously filed a motion for summary judgment based upon the res judicata argument. That motion was overruled by way of entry dated April 9, 2002. Therefore, the res judicata argument shall not be further addressed herein.

knew that she was qualified, and it had never complained about her performance prior to her turning 40. She noted that the Attorney 4 position was not discussed with her and that she was never invited to interview for it. Plaintiff went to great lengths to establish her credentials and to show that the work performed by Ferguson was no different from her own. Based upon that evidence, plaintiff argues that she has sufficiently demonstrated that the creation of the Attorney 4 position was a sham and that any allegation that she was not qualified for that job was a false excuse intended to disguise the true motivations of OBES.

{¶ 11} After considering all of the evidence and testimony presented, the court finds that OBES has produced persuasive evidence of a legitimate, nondiscriminatory reason for its adverse employment action and that plaintiff has failed to prove that those reasons were a pretext for age discrimination. Specifically, the totality of the evidence demonstrates that although Ferguson lacked the work experience that plaintiff had acquired, she possessed other qualities that were of value to the position and that met the minimum qualifications for the position. One of the primary differences between the two positions was the management responsibility of the Attorney 4 and the duty to provide legal advice to the OBES administrator. While Ferguson may not have performed all of those duties on a day-to-day basis, the evidence shows that she was hired because of her ability to so perform when needed. The court does not doubt that plaintiff is an accomplished individual with extensive legal experience; however, the evidence shows that the OBES personnel responsible for hiring lacked confidence in plaintiff and felt that she was simply not qualified for a management position.

{¶ 12} Further, the court finds that the abolishment of the Attorney 3 positions was not motivated by a desire to eliminate older staff members. Rather, the evidence shows that the two Attorney 3 positions were replaced by one Attorney 4. According to James Keith, then-OBES Chief Counsel, substituting one Attorney 4 for the two Attorneys 3 saved the department $63,950 in personnel costs for the year following the abolishments. Keith further testified that the reorganization began long before abolishment of plaintiff's job. He stated that it began at the federal level, then reached the state level after George Voinovich was elected Governor in 1991. Governor Voinovich appointed a new OBES administrator and the reorganization began under his administration. During her testimony, plaintiff admitted that departmental changes had been discussed and that she had been warned, prior to her 40th birthday, that at least one of the Attorney 3 positions would likely be eliminated.

{¶ 13} The general rule is that this court will not substitute its judgment for that of the employer and may not second-guess the business judgments of employers regarding personnel decisions. See, e.g., *Dodson v. Wright State Univ.* (1997), 91 Ohio Misc.2d 57, 697 N.E.2d 287; *Washington v. Cent. State*

*Univ.* (1998), 92 Ohio Misc.2d 26, 699 N.E.2d 1016; *Boyle v. Dept. of Rehab. & Corr.* (Apr. 22, 2002), Ct. of Cl. No. 00–03140. As stated by one court in the context of an ADEA claim, "The ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions, nor was it intended to transform the courts into personnel managers." *Bienkowski v. Am. Airlines, Inc.* (C.A.5, 1988), 851 F.2d 1503, 1507–1508.

{¶ 14} Plaintiff has failed to prove her claim of age discrimination by a preponderance of the evidence. Accordingly, judgment shall be rendered in favor of defendant.

Judgment for defendant.

FRED J. SHOEMAKER, J., retired, of the Franklin County Court of Common Pleas, sitting by assignment.