THE STATE EX REL. ULLMANN, APPELLANT, *v.* HAYES, DIR., ET AL., APPELLEES.

[Cite as *State ex rel. Ullmann v. Hayes,*
**103 Ohio St.3d 405, 2004-Ohio-5469.**]

(No. 2004–0718—Submitted September 15, 2004—Decided October 27, 2004.)

---

**Per Curiam.**

{¶ 1} In January 1993, Ohio Bureau of Employment Services ("OBES") terminated its employment of appellant, attorney Victoria E. Ullmann. On appeal, the State Personnel Board of Review ("SPBR") found that Ullmann had been overclassified and ordered OBES to choose one of the options listed in Ohio Adm.Code 123:1–3–01(O). OBES responded to the board's order by abolishing Ullmann's position effective November 1993.

{¶ 2} On Ullmann's appeal challenging her job abolishment, SPBR upheld the OBES decision. On appeal under R.C. 119.12, the Franklin County Court of

Common Pleas held that the decision to abolish Ullmann's position was supported by reliable, substantial, and probative evidence. On further appeal, the Court of Appeals for Franklin County affirmed the common pleas court's judgment. *Ullmann v. Ohio Bur. of Emp. Serv.* (June 18, 1996), Franklin App. No. 96APE01–79, 1996 WL 339967, appeal not allowed (1996), 77 Ohio St.3d 1484, 673 N.E.2d 144.

{¶ 3} Ullmann subsequently filed other actions, including one in the Court of Claims alleging that the OBES abolition of her position constituted age discrimination. The Court of Claims rejected Ullmann's claim and rendered judgment in favor of the state agency. *Ullmann v. Ohio Bur. of Jobs & Family Servs.*, 121 Ohio Misc.2d 81, 2002-Ohio-7404, 782 N.E.2d 185. The court of appeals affirmed. *Ullmann v. Ohio Bur. of Job & Family Serv.*, Franklin App. No. 03AP–184, 2004-Ohio-1622, 2004 WL 628231.

{¶ 4} On March 28, 2003, Ullmann filed a complaint in mandamus in the Court of Appeals for Franklin County against appellees, Tom Hayes, Director of the Ohio Department of Job and Family Services ("ODJFS"), the successor agency to OBES, Attorney General Jim Petro, and SPBR Chairman Roger W. Tracy. In her complaint, Ullmann alleged that SPBR's decision supporting her job abolishment and her subsequent unsuccessful litigation and appeals had been procured by the perjured testimony of the former OBES chief legal counsel. Ullmann claimed that she first discovered this alleged perjury when she sought and received agency records in discovery in connection with separate litigation.

{¶ 5} Ullmann asked the court of appeals to (1) compel SPBR to vacate all previous orders in the job-abolishment case, (2) order that ODJFS reinstate Ullmann to her attorney position with all accrued back pay and benefits, (3) order the Attorney General to institute policies to ensure that all perjury by state employees discovered by his office be handled properly and that his staff be trained regarding the Disciplinary Rules, perjury, and fraud, and (4) order that if the court will not reinstate relator to her former attorney position, SPBR hold another hearing at which the former OBES chief legal counsel is barred from testifying. Appellees moved to dismiss Ullmann's complaint.

{¶ 6} On March 22, 2004, the court of appeals granted appellees' motion and dismissed Ullmann's mandamus complaint. The cause is now before this court on an appeal as of right.

{¶ 7} Ullmann asserts that the court of appeals erred in dismissing her mandamus claim. For the following reasons, we affirm the judgment of the court of appeals.

{¶ 8} Ullmann primarily claims that because there is no mechanism comparable to Civ.R. 60(B) to vacate administrative decisions based on concealed fraud after the appellate process has been exhausted, she lacks an adequate remedy in the

ordinary course of law. Mandamus will not issue if there is a plain and adequate remedy in the ordinary course of law. *State ex rel. Ross v. State,* 102 Ohio St.3d 73, 2004-Ohio-1827, 806 N.E.2d 553, ¶ 5; R.C. 2731.05. The alternative must be complete, beneficial, and speedy in order to constitute an adequate remedy at law. *State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.,* 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512, ¶ 6.

{¶ 9} Ullmann had an adequate remedy by way of her initial board proceeding and subsequent administrative appeal to raise her fraud claim. Nothing prevented Ullmann from requesting the same records that she later received in subsequent litigation and now relies upon to support her claim of fraud in her initial board proceeding. Ullmann could have requested that SPBR subpoena the pertinent records that she ultimately asked for and received. R.C. 124.03(G). Ullmann could also have sought to introduce these records in her appeal to the common pleas court insofar as the evidence that they contained was newly discovered and could not have been obtained with reasonable diligence before the board hearing. R.C. 119.12. These alternate remedies would have provided Ullmann with complete, beneficial, and speedy relief to raise her claims of alleged fraud. The fact that these remedies are no longer available does not render them inadequate. *State ex rel. Pontillo v. Pub. Emp. Retirement Sys. Bd.,* 98 Ohio St.3d 500, 2003-Ohio-2120, 787 N.E.2d 643, ¶ 34.

{¶ 10} Moreover, Ullmann is not entitled to a writ of mandamus to compel her reinstatement to her classified employment with ODJFS because there has been no final determination that she was wrongfully excluded from employment. *State ex rel. Baker v. State Personnel Bd. of Rev.* (1999), 85 Ohio St.3d 640, 644, 710 N.E.2d 706; *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Developmental Disabilities* (1995), 72 Ohio St.3d 205, 208, 648 N.E.2d 823. In fact, the final determination is that she was *not* wrongfully excluded from employment.

{¶ 11} Finally, Ullmann's education-and-training claim against the Attorney General is not cognizable in mandamus. There is no statutory duty imposed on the Attorney General to perform the requested acts, and we will not imply one. " 'It is axiomatic that in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the *legislative branch of government,* and courts are not authorized to create the legal duty enforceable in mandamus.' " (Emphasis sic.) *State ex rel. Stiles v. School Emp. Retirement Sys.,* 102 Ohio St.3d 156, 2004-Ohio-2140, 807 N.E.2d 353, ¶ 15, quoting *State ex rel. Pipoly v. State Teachers Retirement Sys.,* 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18.

{¶ 12} Based on the foregoing, the court of appeals properly dismissed Ullmann's mandamus claim. Accordingly, we affirm the judgment of the court of

408

appeals.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

_____

Victoria E. Ullmann, pro se.

Jim Petro, Attorney General, Holly J. Hunt, Timothy A. Lecklider, and Michael D. Allen, Assistant Attorneys General, for appellees.

_____

1. We deny appellant's motions to grant oral argument and to determine the existence of a conflict of interest.